IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEY EQUIPMENT FINANCE, INC.,  §
                              §
            Plaintiff,        §
                              §
v.                            §        Civil Action No. 3:06-CV-0433-L
                              §
C. F. & H. CORPORATION,       §
                              §
            Defendant.        §

## MEMORANDUM OPINION AND ORDER OF REMAND

On March 10, 2006, Plaintiff Key Equipment Finance, Inc. ("Plaintiff" or "Key Equipment")

filed a Notice of Removal in this case, which it had originally filed in the County Court of Law No.

4, Dallas County, Texas, *Key Equipment Finance v. C. F. & H. Corp.*, CC-05-02847-D.  As its basis

for removal, Plaintiff asserts that Defendant's counterclaim filed in the state court action raises a

federal question under 28 U.S.C. § 1331.  Having considered the Notice of Removal, the record and

applicable law, and for the reasons set forth herein, the court *sua sponte* **remands** this action to the

County Court of Law No. 4, Dallas County, Texas, where Plaintiff originally filed it.

## I.      Discussion

Plaintiff in this case is seeking removal pursuant to 28 U.S.C. § 1441.  It is axiomatic,

however, that a plaintiff may not remove an action even when a counterclaim is filed. *See Shamrock*

*Oil & Gas v. Sheets*, 313 U.S. 100, 107-08 (1941); *see also LaChance v. Talmadge*, 273 F.2d 1108

(5th Cir. Sept. 1, 2004) (Table decision) (available at 2001 WL 1131963) (rejecting as "frivolous on

its face" a plaintiff's attempt to remove to federal court based on defendant's counterclaims in state

court action).  That a plaintiff may not remove is also clear from the plain language of section 1441,

which provides that:

**Memorandum Opinion and Order of Remand – Page 1**

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (emphasis added).  Accordingly, as Plaintiff's removal is procedurally defective, the court determines that this action should be remanded to state court.

Moreover, it is equally axiomatic that federal question jurisdiction may not arise from a counterclaim, but must appear on the face of plaintiff's well-pleaded complaint.  *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 and n.21 (5th Cir. 1998) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)).  As its basis for removal to federal court, Plaintiff asserts that Defendant's counterclaim filed in the state court action raises a federal question under 28 U.S.C. § 1331.  Under its  independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case,[*] the court determines that it lacks subject matter jurisdiction, as Plaintiff is relying solely on Defendant's counterclaim for federal question jurisdiction.

---

[*]*See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level"); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

## II.      Conclusion

For the reasons stated herein, the court **determines** *sua sponte* that removal was procedurally defective and that it, in any event, lacks the power to adjudicate this case.  Accordingly, the court hereby **remands** this action to County Court of Law No. 4, Dallas County, Texas.   The  clerk of court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 14th day of March, 2006.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge